# PORTO RICO BREWING COMPANY, Plff.,

*v.*

# NATIONAL SURETY COMPANY, Dft.

---

San Juan, Law, No. 950.

ON MOTION FOR A NONSUIT AT CLOSE OF PLAINTIFF'S CASE.

Attachment Bond—Damages Recoverable.

    **1.** Under an attachment bond conditioned that "plaintiff shall pay . . . all damages which the said defendant may sustain by reason of the attachment," the successful defendant may recover the amount of attorneys' fees expended in connection with the attachment. If the defendant employed counsel generally for the whole suit, the court may apportion the amount of the fee which should be paid for the services in connection with the attachment.

Jurisdictional Amount—Suit on Attachment Bond.

    **2.** A suit in this court on an attachment bond is ancillary to the principal suit in which the bond was given, and will not be dismissed because the evidence shows that the damages sustained by plaintiff, defendant in the principal suit, were less than $1,000.

Opinions filed May 11, 1915.

---

*Mr. Paul Charlton* for plaintiff.

*Mr. Frank Martinez* for defendant.

HAMILTON, Judge, delivered the following opinion:

In this suit the plaintiff introduced its evidence and rested. The defendant thereupon moved for an involuntary nonsuit to

Porto Rico Brew. Co. v. National S. Co.

be entered upon several grounds: First, that the plaintiff had proved no damages at all; second, that the attorney's fee under the bond in question is limited to the attachment, and no special services have been proved in regard to the attachment. In the third place, as I understand it, that the amount sued for is shown by the plaintiff's own evidence to be $800, and that that is below the jurisdictional amount fixed by the amendment of 1901 to the Foraker act with reference to this court.

1. As to the first ground that no damages at all have been shown, the court will overrule the motion. In the subsequent discussion it has developed that damages have been prima facie shown.

2. The second ground that the attorney's fee is not covered by the bond deserves further consideration. The bond reads as follows: "Now, the condition of this obligation is such that in case the defendant recovers judgment, the plaintiff shall pay all costs that may be warranted to said defendant, and all damages which the said defendant may sustain by reason of the attachment, not exceeding the penalty of this bond," which is $20,000, this bond being dated, approved, and filed on June 4, 1912, in the case of Huetteman & Cramer Company, plaintiff, versus Porto Rico Brewing Company, defendant, No. 888, law. The rule is general that the sureties in a bond are limited to precisely what they agree to in the bond. The written instrument has no intendments against the sureties executing it, but it is of course to be fairly construed so as to get at the meaning of the parties, like any other contract. Now this bond says expressly that it is limited to the damages which the defendant may sustain by reason of the attachment. The argument is that the attachment and the main suit were filed practically at the same

time, I believe on the same day, and that the damages caused were practically caused at the same time and in the same manner. It is shown that the agreement between the plaintiff in this case and its attorney was for a thousand dollars, but that when the main case, No. 888, was dismissed, this fee was, by agreement, abated to $800, which has been paid. The evidence has not shown any distinction between services in the main case, as I will call it, No. 888, and the attachment which was a part of the main case. The court, however, is able to discriminate. The court knows what an attachment is, and knows the relative importance of different parts of a suit; and I think that the court would be competent to apportion between the different parts of the suit that which is necessary. The court understands the law to be—no cases have been cited to the contrary—that the bond is limited to whatever is suffered by reason of the attachment; that it is not to be extended to all the services in the case. For instance, in this case, just for example, if there were certain proceedings taken in connection with the bond, motions to quash, different motions connected with the bond, $500 worth of service in that connection, and $500 worth of service in the case outside of the attachment, the opinion of the court is that it would render a judgment for $500 on this attachment, but it would not add up all the services in the case and tax them up against the attachment bond. So the court does not think that point is well taken. As to what would be the apportionment in this case it is not necessary to determine, but possibly it will have to be determined later. The court thinks there is enough before it to come to some decision in the case.

3. The third point, and a very interesting one, is as to whether there is anything at all recoverable in this suit on jurisdic-

FEDERAL REPORTS. 79

Porto Rico Brew. Co. v. National S. Co.

tional grounds. Here is a suit for at least a thousand dollars, and the evidence shows nothing except as to one branch of the claim, that is, the attorney's fee, and it shows that, before this suit was brought, the thousand dollars was reduced by agreement to $800. The plaintiff could not sue for a thousand dollars and then recover less on the idea that the proof has not come up to his allegation, because he must know from the beginning that there never was any suit to collect for a thousand dollars. To the court's mind, then, in order to get at the point in the case, the evidence shows that this suit ought to have been brought for $800, putting it in the extreme form. Now assuming that to be a fact and under the evidence that this suit ought to have been brought for $800, would that oust the jurisdiction of the court? It would, of course, in ordinary cases. The court could not entertain a suit on its face for less than the jurisdictional amount. The point arises, however, when a bond has been given in a proceeding in this court, that has been approved by the court and is binding between the parties, and in fact is sued on by one of the parties in this very proceeding, will the court consider the bond as a foreign transaction that has nothing to do with the case, and make the parties go to another forum to recover on what has been taken and filed and approved in this court as a part of this proceeding? If that is so, it would be devesting this court of half the power that it ought to have, at all events, and I do not think that the law is that way. I think that following the principle mentioned in Files v. Davis, 118 Fed. 465, the attachment bond and its remedies,—and of course the same principle would apply to other bonds,—is practically a part of the jurisdiction of this court. It has been acted on in other cases as to criminal bonds, where an appearance bond is given for the

Porto Rico Brew. Co. v. National S. Co.

appearance of a prisoner and he does not appear, and the bond is forfeited. The court sees no difference in principle between that and the case at bar. There is a difference in form because here the suit is docketed separately, but the transaction is substantially the same. The nature of the two claims is substantially the same, and it would seem to be correctly expressed in Files v. Davis, decided by Trieber, District Judge of Arkansas. The drawback to the general value of that particular case is that it is decided under the Arkansas statute. Under the attachment laws of the state of Arkansas the court goes on to say that so and so can be done, and goes on to say what should or should not be necessary under that statute. "This proceeding may therefore be properly treated as ancillary to the original attachment suit, and is clearly within the rule established in this circuit by Mr. Justice Brewer while circuit judge, in Patterson v. Mater (C. C.) 26 Fed. 31." The case of Lamb v. Ewing, 4 C. C. A. 320, 12 U. S. App. 11, 54 Fed. 269, does in so many words adopt the principle regardless of the local statute of Arkansas. So it seems to the court that, on principle as above discussed, the suit should lie, and it seems to be backed up by authority, so I will take that view of the case and overrule the motion.

## ON FINAL DETERMINATION OF THE CASE.

*Mr. Paul Charlton* for plaintiff.

*Mr. Frank Martinez* for defendant.

Porto Rico Brew. Co. v. National S. Co.

HAMILTON, Judge, delivered the following opinion May 11, 1915:

It seems to me that there are one or two things to be taken into account. The original agreement was a thousand dollars attorney's fee for the whole case. Considering that the case was not fought out in the usual way of cases, the parties concerned in the fee agreed to a certain reduction, to $800, so that would be the basis to start on. That much was the fee in the case. Now, how much can be apportioned between the services in the main case and the attachment feature of it? It is difficult to separate the two and yet it seems to me that I shall have to do it.

A very substantial part of the work was in connection with the attachment itself, as always happens in an attachment suit. In this case there is not the feature of a trial, examining witnesses, etc., in the main suit, so that it seems to me that I shall have to get at it, as I said, by an approximation. I think it is about right, like Solomon, to divide the claim in two; considering half of it as in the main suit and half in the attachment. A judgment will be entered for $400.